# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE P. JAMES,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 1:10-1699** |
| **v.** | : | **(KANE, C.J.)** |
| | | **(MANNION, M.J.)** |
| **JEFFREY BEARD, ET AL.** | : | |
| **Respondents.** | : | |

## REPORT AND RECOMMENDATION[1]

On August 13, 2010, the petitioner, an inmate at the State Correctional Institution at Coal Township in Coal Township, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, in which he challenges his conviction in the York County Court of Common Pleas. (Doc. No. 1). On that same day, the petitioner filed a motion for leave to proceed in forma pauperis. On October 4, 2010, we denied the petitioner's motion to proceed in forma pauperis and on October 18, 2010, the petitioner paid the appropriate filing fee. (Doc. No. 2) (Doc. No. 11).

For the reasons set forth below, the court will recommend that the petition be **DENIED**. On January 4, 2012, and again on May 9, 2012 the

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

petitioner filed motions for discovery which will also be addressed in this report and recommendation. (Doc. No. 46) (Doc. No. 51).

## I.    BACKGROUND

On November 15, 2001, the petitioner was convicted by a jury on three different criminal informations in the York County Court of Common Pleas, those included three (3) counts of criminal attempt to possess with intent to deliver cocaine and two (2) counts of possession with intent to deliver marijuana. (York County Dockets 67-CR-1345-2001, 67-CR-1760-2001, 67-CR-2022-2001)[2].

On January 7, 2002, the petitioner was sentenced to an aggregate term of twelve and one-half (12 ½) years to twenty-five (25) years in a state correctional institute. *Id.*

On January 14, 2002, the petitioner filed a direct appeal from his conviction of November 15, 2001 and the January 7, 2002 judgment of sentence, to the Pennsylvania Superior Court. (Doc. No. 27, Att. 3, p. 313[3]).

---

[2] *See* http://ujsportal.pacourts.us. We take judicial notice of the PA Court's website.

[3] The citations to the page numbers for the record reflect the stamped number on the bottom right corner of the attachments respondents have submitted to the Court.

On direct appeal, the petitioner maintained that the evidence was insufficient for a finding of guilt and challenged the denial of his suppression motion. *Id.* at 325. The petitioner also raised two ineffective assistance of counsel claims. *Id.* The Petitioner further raised his rights under Article One, Sections 8, 9, 10 and 28 of the Pennsylvania Constitution and his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. *Id.*

By memorandum dated December 17, 2002, the Superior Court affirmed the York County Court of Common Pleas. (Doc. No. 27, Att. 3, p. 404). On June 5, 2003, in the York County Court of Common Pleas, the petitioner filed a *pro se* petition for relief under the Post Conviction Relief Act ("PCRA"). (York County Docket 67-CR-1345-2001)*.*

The petitioner, thereafter, filed a petition for allowance of appeal in the Supreme Court of Pennsylvania. (Doc. No. 1). On June 15, 2004, the Supreme Court of Pennsylvania issued an order denying the petitioner's petition for allowance of appeal. (York County Docket 67-CR-1345-2001)*.*

On August 20, 2004, in the York County Court of Common Pleas, the petitioner filed a PCRA petition. *Id.* On October 5, 2004, the petitioner filed an amended PCRA petition.  *Id.* On April 12, 2005 the court granted the petition and reinstated the petitioner's appeal rights.  *Id.*

3

On May 6, 2005, the petitioner filed an appeal to the Superior Court. *Id.* On October 26, 2007, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Id.* On October 31, 2007, the Superior Court affirmed the York County Court of Common Pleas. *Id.*

On November 7, 2007, in the York County Court of Common Pleas, the petitioner filed a second PCRA petition. *Id.* On July 28, 2008, the Court denied the second PCRA petition. *Id.* On August 8, 2008, the petitioner filed an appeal in the Superior Court, and also filed a third PCRA petition. *Id.*  On August 15, 2008, the York County Court of Common Pleas denied the third PCRA petition on the ground that the Court did not have jurisdiction to hear the PCRA petition until a disposition had been reached to his prior appeal. *Id.* On August 28, 2008, the petitioner filed an appeal to the Superior Court. *Id.*

On July 14, 2009, the Superior Court affirmed the York County Court of Common Pleas in 1555 MDA 2008 and 1425 MDA 2008. *Id.*

On August 24, 2009 the petitioner filed a fourth PCRA petition in the York County Court of Common Pleas which was denied by the Court on August 31, 2009. *Id.*

On September 14, 2009, the petitioner filed a notice of appeal to the Superior Court. *Id.* On July 28, 2010, the Pennsylvania Supreme Court denied

4

the petition for allowance of appeal filed by the petitioner. *Id.* On September 21, 2010, the Superior Court affirmed the York County Court of Common Pleas. *Id.*

On August 13, 2010, a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, was filed in the Middle District of Pennsylvania. (Doc. No. 1). On September 7, 2010, the petitioner filed a memorandum of law in support of his position for writ of habeas corpus. (Doc. No. 4).

In his habeas petition, the petitioner raises ten grounds for relief in the seventy-six (76) page attachment to his petition. (Doc. No. 1, Att. A). In ground one, the petitioner claims that his conviction was obtained as a result of evidence that is insufficient as a matter of law, to persuade a properly instructed, reasonable jury of his guilt beyond a reasonable doubt of two (2) counts of possession with intent to deliver and three (3) counts of criminal attempt possess with intent to deliver. *Id.*

In ground two, the petitioner claims that his conviction resulted from a detention that was not supported by probable cause and the evidence used to convict the petitioner was obtained as the result of a search conducted without a warrant. *Id.*

In ground three, the petitioner claims ineffective assistance of counsel for failing to conduct a reasonable pre-trial investigation and interview witnesses.  The petitioner goes on to specify that this issue relates to whether Clerk Norisa[4] and Mike Baker were working as agents of the State of California through Agent Randall Sipes. *Id.*

In ground four, the petitioner raises an ineffective assistance of trial counsel claim under the Fourth, Sixth and Fourteenth amendments, because trial counsel failed to challenge entry into the petitioner's privately owned mailbox in Pennsylvania. *Id.*

In ground five, the petitioner alleges an ineffective assistance of counsel claim under the Sixth and Fourteenth Amendments for all of his prior counsel who failed to challenge the petitioner's right to confront and cross-examine the California Mail Boxes Etc. clerk and the owner Mike Baker.  *Id.*

In ground six, the petitioner raises an ineffective assistance of counsel claim for failing to properly advise the petitioner about the advantages and disadvantages of going to trial versus entering a plea. *Id.*

---

[4] The petitioner apparently refers to the employee working in the California  Mail Boxes, Etc., where a search was conducted, as "Clerk Norisa."

In ground seven, the petitioner claims that the evidence used to convict him was obtained from the police eliciting incriminating statements in violation of his right to counsel. *Id.*

In ground eight, the petitioner essentially makes the same claim as ground seven for ineffective assistance of counsel for failure to object to the use of his statements at trial and on direct appeal. *Id.*

In ground nine, the petitioner questions whether the second PCRA petition was timely filed when the petitioner met one of the exceptions, pursuant to 42 Pa. C.S.A. §9545 (b)(1)(iii). *Id.*

In ground ten, the petitioner raises an ineffective assistance of counsel claim for failure of counsel to raise the denial of petitioner's Sixth Amendment rights and the opportunity to confront the two California witnesses, Clerk Norisa and Owner Mike Baker. *Id.*

On October 27, 2010, the undersigned issued a show cause order, (Doc. No. 12), and after extensions were granted, on May 9, 2011, the respondents filed a response to the petition for writ of habeas corpus. (Doc. No. 27). On August 26, 2011, the petitioner filed a Traverse (Doc. No. 39), and on May 14, 2012 he filed a supplement to his brief. (Doc. No. 53). Accordingly, the petition is ripe for our review.

7

## II.    LEGAL ANALYSIS

### A.    Ground One

In ground one of the habeas petition, the petitioner claims that his conviction was obtained as a result of evidence that is insufficient as a matter of law to persuade a properly instructed, reasonable jury of his guilt beyond a reasonable doubt of two (2) counts of possession with intent to deliver and three (3) counts of criminal attempt to possess with intent to deliver. *Id.* As such, the petitioner claims the evidence presented in the jury trial was insufficient to prove that he possessed with the intent to deliver marijuana in regard to the package sent to Springettsbury Township. He made this allegation based upon his claim that he was unaware of the contents of the package. (Doc. No. 1, Att. A). More specifically, the petitioner claims the package addressed to him from California was intercepted by the police, who then removed a large amount of marijuana and delivered a substituted package. When the petitioner entered Mailboxes, Etc. and retrieved the substitute package from California, he was approached by the police at which time, the petitioner threw the package at the officer and ran.

A district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of

a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254. A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts. A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). A decision of a state court rejecting a sufficiency of evidence claim may not be overturned unless the decision is objectionably unreasonable. *Parker v. Matthews*, --- S.Ct. ---, 2012 WL 207 6341 (2012) (The Sixth Circuit erred in their assessment of the Kentucky Supreme Court's decision in a capital murder case by consulting its own precedents rather than those of the United

States Supreme Court). "Circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' 28 U.S.C. §2254(d)(1). It therefore cannot form the basis for habeas relief under the AEDPA." *Matthews*, 2012 WL 207 6341 at 6*.

A district court's "...determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1). A petitioner's challenge to the weight of the evidence presented in state court is not cognizable for federal habeas corpus review because it requires an assessment of the credibility of the evidence presented at trial in the state court, however, the state court's credibility determinations are binding on federal courts in habeas corpus review. *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990).

The application of §2254(d) entails two steps. First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888 (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), *overruled in part on other grounds by McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)). Then, if the court determines that the state court's decision was not "contrary to"

10

federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established," the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule. *Id.* at 889. Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.* at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

Here, the petitioner presented this issue to the Superior Court of Pennsylvania and the Superior Court relied on *Commonwealth v. Jones*, 874 A.2d 108, 120-121 (Pa. Super. 2005), which properly viewed the sufficiency of the evidence at trial in the light most favorable to the verdict winner and determined that there was sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. *Id.* "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.*

The Court reviewed the evidence presented including that the petitioner rented multiple mailboxes in multiple locations and they were rented solely to him. *Id.* Furthermore, the Court stated, the petitioner's "actions when approached by police were not those of a man with no knowledge of the contents of the package he just received." *Id.*

Because the Superior Court fully analyzed the evidence presented in the trial court and found that the evidence was sufficient to support petitioner's convictions, there is no indication that the petitioner did not receive a full and fair opportunity to litigate his evidentiary claim in the state courts, therefore, this claim should be dismissed.

## B.   Ground Two, Ground Seven

In ground two, the petitioner claims that his conviction resulted from a detention that was not supported by the requisite probable cause and the evidence used to convict the petitioner was obtained as the result of a search conducted without a warrant. (Doc. No. 1). In ground seven, the petitioner claims that the evidence used to convict him was obtained from the police eliciting incriminating statements in violation of his right to counsel. *Id.* These claims are identical to the suppression claims he raised in the state courts. As such, the petitioner claims legal error by the state courts in regard to their

failure to suppress evidence, which he argues was illegally obtained, in connection with his arrest. However, as a general rule, Fourth Amendment exclusionary-rule claims are cognizable on federal habeas corpus only if there has been no opportunity for full and fair litigation of the claim in the state courts. *See Reed v. Farley*, 512 U.S. 339 (1994); Withrow v. Williams, 507 U.S. 680 (1993); *Stone v. Powell*, 428 U.S. 465 (1976); *Gilmore v. Marks*, 799 F.2d 51 (3d Cir. 1986), *cert. denied*, 479 U.S. 1041 (1987); *Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 42 (3d Cir. 1984). Moreover, whether or not a state court incorrectly decided a Fourth Amendment claim is immaterial to the full and fair opportunity analysis. *Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).

Here, there is no indication that the petitioner did not receive a full and fair opportunity to litigate his Fourth Amendment claims in the state courts. Rather, his only claim appears to be one of error by the state courts. The record indicates that the trial court conducted a suppression hearing on August 22 and September 12, 2001, on this Fourth Amendment issue and denied the Petitioner's suppression motion.  This was offered on his direct appeal to the Pennsylvania Superior Court. Thus, this Court is precluded from

considering the merits of petitioner's claims, and, therefore, these claims should be dismissed.

### C.    Ground Three, Four, Five, Six, Eight, Ten

The Constitution guarantees criminal defendants the effective assistance of counsel, U.S. CONST. amend. VI, which is measured by "reasonableness under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish a violation of that right, a petitioner must make two showings. First, he "must show that counsel's performance was deficient." *Id.* Counsel is deficient if, "on the facts of the particular case, viewed as of the time of counsel's conduct," his conduct was unreasonable. *Id.* at 690. There is a strong presumption that counsel is effective. *Id.*; *see id.* at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). Second, he must affirmatively show that the deficient performance "prejudiced the defense." *Id.* at 687, 693. Prejudice means that "there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." *Id.* at 694-95. In assessing prejudice, the court must consider the totality of the evidence that was before the factfinder. *Id.* at 695.

The state court relied on state law in deciding the petitioner's ineffective assistance of counsel claims. However, Pennsylvania state law is not contrary to *Strickland*. *See Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000) (Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to *Strickland*.). Thus, under §2254(d)(1), the relevant question is whether the Superior Court's decision involved an unreasonable application of Strickland. *See Richter v. Harrison*, 131 S. Ct. 781, 785 (2011) (The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.).

In ground three, the petitioner claims ineffective assistance of counsel for failing to conduct a reasonable pre-trial investigation and interview witnesses. The petitioner goes on to specify that this issue relates to clerk Norisa and Mike Baker, and whether they were working as agents of the State of California through Agent Randall Sipes. (Doc. No. 1). The petitioner's ground five claim is essentially the same as his ground three claim. In ground five, the petition alleges an ineffective assistance of counsel claim under the

Sixth and Fourteenth Amendments for counsels failure to raise and litigate the petitioner's right to confront and cross-examine the California Mail Boxes, Etc. employee and owner. *Id.* Additionally, the petitioner's ground ten claim is essentially the same. Here the petitioner raises an ineffective assistance of counsel claim for failure of counsel to raise the denial of petitioner's Sixth Amendment rights and the opportunity to confront the two California witnesses.

The Pennsylvania Superior Court analyzed these claims presented by the petitioner requiring that the petitioner must demonstrate: 1) the witness existed; 2) the witness was available; 3) counsel knew or should have known about the existence of the witness; 4) the witness was willing to testify for the defendant; and 5) the absence of the testimony was so prejudicial to the defendant that he was denied a fair trial. *Commonwealth v. Clark*, 599 Pa. 204, 961 A.2d 80, 90 (2008).

The Superior Court reviewed the evidence presented at the first PCRA hearing of the petitioner in which counsel for the petitioner testified that he did not remember the petitioner asking him to interview clerk Norisa or Michael Baker. (Doc. No. 27, Att. 5, p. 1027). Counsel further testified that he called the California Mailboxes, Etc. and he suggested that the petitioner hire an

16

investigator if he wished to use any witnesses from California. *Id.* Counsel testified that his own investigation did not reveal anyone he felt should be called as a witness. *Id.*

The Superior Court also reviewed the testimony from the second PCRA hearing which revealed that counsel was unable to locate anyone from Mailboxes, Etc. in California because it was closed. *Id.* The Court opined that the Petitioner failed to establish that anyone from the California store was available and willing to testify on his behalf at trial and how the testimony would have helped his case. *Id.* Importantly, the Court noted that as required by 42 Pa.C.S.A. § 9545(d)(1), the Petitioner did not attach a certification to his PCRA petition identifying the proposed witnesses' names, addresses, dates of birth, and substance of their testimony. *Id.* Failure to comply renders any such proposed testimony inadmissible. Therefore, the Court determined the deficiencies are fatal to his claims. It appears that the Superior Court adequately and correctly reviewed these issues and all three claims be should dismissed.

In ground four, the petitioner raises an ineffective assistance of trial counsel claim under the Fourth, Sixth and Fourteenth Amendments, because counsel failed to challenge entry into the petitioner's privately owned mailbox

in Pennsylvania. *Id.* The Superior Court reviewed the evidence presented of record and determined that the petitioner's claim did not have merit as the mailbox was rented by the petitioner and the package arrived at the store via UPS delivery and it was treated like any other delivery. (Doc. No. 27, Att.5, p. 1026). The petitioner contends that the police placed a slip into the mailbox in order to notify him of the arrival of the package. (Doc. No. 1, Att. 1). The Superior Court opined that the Fourth Amendment protects a person from unreasonable search and seizures and the placing of a slip in a person's mailbox is neither a search nor a seizure. (Doc. No. 27, Att. 5, p. 1026). Additionally, the Court noted that no testimony was presented that the mailbox was searched or anything was removed from it. The Supreme Court correctly ruled and the petitioner's claim should fail.

In ground six, the petitioner raises an ineffective assistance of counsel claim for failure to properly advise the petitioner about the advantages and disadvantages of going to trial versus entering a plea. (Doc. No. 1, Att. 1). Respondents claim this ground is procedurally defaulted as it has not been previously raised by the petitioner. (Doc. No. 27, p. 16). The procedural history of this case is quite convoluted as the Superior Court notes in their August 21, 2009 Memorandum Opinion in which they addressed this ground

six claim. (Doc. No. 27, Att. 5, p. 1021). The Superior Court opined that the record was devoid of any plea offered to the petitioner or any evidence that the petitioner was not aware of trial counsel's strategy or counsel's failure to consult with him during the trial process. *Id.* at 1028. Furthermore, this claim fails as the record clearly indicates the testimony of counsel concerning a discussion with the petitioner and his wife about the mandatory sentence he would be facing. Counsel further discussed all trial decisions with the petitioner and he fully participated in his defense. *Id.*

In ground eight, the petitioner essentially makes the same claim as his ground seven Fourth Amendment claim for ineffective assistance of counsel. Namely a failure to raise the issue regarding his statements at trial and on direct appeal. *Id.* As discussed above, in ground two and ground seven, there is no indication that the petitioner did not receive a full and fair opportunity to litigate his Fourth Amendment claims in the state courts. Rather, his only claim appears to be one of error by the state courts. The record indicates that the trial court conducted a suppression hearing on August 22 and September 12, 2001 on this Fourth Amendment issue and denied the Petitioner's suppression motion. This was affirmed on direct appeal to the Pennsylvania Superior Court. Therefore, this issue should be dismissed.

### D.    Ground Nine

In ground nine, the petitioner questions whether the second PCRA petition was timely filed and avers he met one of the exceptions, pursuant to 42 Pa. C.S.A. §9545 (b)(1)(iii). (Doc. No. 1, Att. 1). Petitioner argues that the state court should have recognized that his petition meets an exception to the one-year PCRA timeliness requirements because of recent Confrontation Clause caselaw which he believes should be applied retroactively to his case. *Id.* The Superior Court determined that the petition was untimely and that petitioner failed to meet an exception to the timeliness requirements.  (Doc. No. 27, Att. 5, p. 1083). The petitioner's claim is not a proper claim for federal habeas corpus review as habeas corpus relief for a state prisoner only applies to a person in custody "in violation of the constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The fact that the Pennsylvania Superior Court determined that the PCRA petition was untimely is a question of state law and is not a proper federal claim for habeas review.  Federal habeas corpus review is not available for errors of state law. *See Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 480 (1991)*.

### III.    RECOMMENDATION

For the reasons noted above, **IT IS RECOMMENDED THAT**  petitioner's

petition for writ of habeas corpus, (Doc. No. 1), be **DENIED**.


s/  *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**


**DATE:** July 10, 2012
O:\shared\REPORTS\2010 Reports\10-1699.02.wpd