IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | |
| Petitioner | : | Civil Action No. 1:10-cv-01699 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| JEFFREY BEARD, et al., | : | (Magistrate Judge Mannion) |
| Respondents | : | |

**MEMORANDUM ORDER**

Presently pending before the Court is Magistrate Judge Mannion's Report and Recommendation addressing Petitioner Tyrone P. James's petition under 28 U.S.C. § 2254 for a writ of habeas corpus (Doc. No. 59) as well as Petitioner's objections (Doc. No. 68) and motion for a certificate of appealability (Doc. No. 69). For the reasons that follow, the Court will adopt the Report and Recommendation, overrule Petitioner's objections, and deny Petitioner's motion for a certificate of appealability.

**I.    BACKGROUND**

On January 8, 2001, James H. Morgan, a narcotics agent employed by the Pennsylvania Office of Attorney General's Bureau of Narcotics Investigation and Drug Control, received information provided by Randall Sipes, an agent of the California Department of Justice. (Doc. No. 27-2 at 156-57, 159; Doc. No. 27-5 at 1083.) Specifically, Agent Morgan learned that a package containing marijuana was en route from California to a mailbox located at a Mailboxes, Etc. store in Springettsbury Township, Pennsylvania. (Doc. No. 27-2 at 156-57, 159; Doc. No. 27-5 at 1084.) Agent Morgan later discovered that Petitioner had rented the mailbox at issue, Box 164. (Doc. No. 27-2 at 158; Doc. No. 27-5 at 1084.)

On January 9, 2001, Agent Morgan, working with members of the York County Drug

1

Task Force, created a fake package to be delivered to Box 164 in lieu of the package that had been mailed from California. (Doc. No. 27-2 at 157-58; Doc. No. 27-5 at 1084.) On January 10, 2001, Agent Morgan arranged for the fake package to be delivered to Box 164, and Petitioner retrieved the package on that date. (Doc. No. 27-2 at 159-60.) Upon leaving the Mailboxes, Etc. premises, Petitioner was approached by one of Agent Morgan's colleagues, prompting him to attempt to flee the scene. (Id. at 160; Doc. No. 27-5 at 1084.) Petitioner, however, was quickly apprehended and taken into custody. (Doc. No. 27-2 at 160; Doc. No. 27-5 at 1084.)

After being informed of his Miranda rights, Petitioner was questioned at the York County Police Station. (Doc. No. 27-2 at 160; Doc. No. 27-5 at 1084.) Petitioner explained that he had just flown to Pennsylvania from California, where he had retrieved his social security checks. (Doc. No. 27-5 at 1084.) He also explained that he believed that the package he had retrieved contained supplies for his wife's beauty shop. (Id.; Doc. No. 27-2 at 160.) The next day, Raymond Craul, a detective employed by the Springettsbury Township Police Department and a member of the York County Drug Task Force, searched Petitioner's wallet and found business cards listing eight separate Mailbox, Etc. locations. (Doc. No. 27-2 at 188-89.)

On January 11, 2001, Agent Morgan received the package that had been intercepted in California. (Id. at 161.) Brian Hall, a forensic chemist employed by the Drug Enforcement Agency at its northeastern laboratory in New York City, testified that the package contained marijuana. (Id. at 208-10.) Upon further investigation, law enforcement agents discovered that packages delivered to other Mailbox, Etc. mailboxes rented by Petitioner contained cocaine and marijuana. (Id. at 195-96, 205, 212; Doc. No. 27-5 at 1084.)

On November 15, 2001, following a jury trial in the Court of Common Pleas of York

2

County, Pennsylvania, Petitioner was found guilty of criminal attempt to possess with intent to deliver marijuana, criminal attempt to possess with intent to deliver cocaine, and possession with intent to deliver cocaine. (Doc. No. 27-2 at 257.) On January 7, 2002, the Court of Common Pleas sentenced Petitioner to a minimum term of imprisonment of twelve-and-one-half years. (Id. at 1195, 1234, 1277.) Since that date, Petitioner has sought various forms of relief from his judgment of sentence in state court, all of which have been unsuccessful. This procedural history is comprehensively set forth in Magistrate Judge Mannion's Report and Recommendation and need not be reproduced here. (Doc. No. 59 at 2-5.) Petitioner filed the instant petition under 28 U.S.C. § 2254 for a writ of habeas corpus in this Court on August 13, 2010. (Doc. No. 1.)

## II. STANDARD OF REVIEW

### A. De Novo Review of Objections to Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge has authority to file proposed findings and recommendations. In response, a party may file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). In deciding whether to accept, reject, or modify any part of the magistrate judge's disposition, the Court must make a de novo determinations of the portions to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### B. Review Under 28 U.S.C. § 2254

The Court may "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a). Under Section 2254(d), a federal district court's review is deferential. If a state court has adjudicated the petitioner's claims on the merits, the deferential standard set forth in Section 2254(d) applies. Section 2254(d) precludes habeas relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Where the state court did not adjudicate the petitioner's claims on the merits, however, the federal district court should apply a de novo standard of review. Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000). Factual determinations by a state court, regardless of whether the petitioner's claims were adjudicated on the merits, are presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Palmer v. Hendricks, 592 F.3d 386, 392 (3d Cir. 2010). The district court "shall not hold an evidentiary hearing" on any claim unless the petitioner shows that: (1) the claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence;" and (2) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

## III. DISCUSSION

Petitioner raises fifty-eight objections to Magistrate Judge Mannion's proposed findings and recommendations. (Doc. No. 68 ¶¶ 1-58.) These objections fall into five general categories, each of which the Court will address in turn: (1) objections to Magistrate Judge Mannion's denial of Petitioner's motions for discovery; (2) objections to the finding that Petitioner's second petition under the Post-Conviction Relief Act ("PCRA") was untimely; (3) objections to the finding that Petitioner's conviction was supported by sufficient evidence; (4) objections to the finding that Petitioner's arrest was supported by probable cause and that his right to counsel was not violated; and (5) multiple objections to Magistrate Judge Mannion's findings that his counsel did not render ineffective assistance of counsel.

### A. Denial of Motions for Discovery

In Petitioner's second and third objections, Petitioner argues that Magistrate Judge Mannion erred in denying his two motions for discovery and that Respondents failed to comply with Magistrate Judge Mannion's October 27, 2010 order.[1] (Doc. No. 68 ¶¶ 2-3.) First, with respect to Petitioner's motions for discovery, Magistrate Judge Mannion denied both motions on July 3, 2012, finding that Petitioner "has made no showing of specific evidence that might be discovered that would support his entitlement to relief." (Doc. No. 58 at 2.) Petitioner contends that this ruling was in error because the Commonwealth failed to produce, during discovery, the identity of an undercover agent who purportedly assisted law enforcement agents in California or the "true identity" of "Norisa," a witness who may have provided exculpatory information. (Doc. No. 68 ¶ 2.) As Magistrate Judge Mannion concluded, a habeas petitioner "is not entitled

---

[1] Although the Report and Recommendation states that Petitioner's motions for discovery "will also be addressed in this report and recommendation," the Report and Recommendation contains no further reference to either motion. (Doc. No. 59 at 1-2.)

to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Indeed, Rule 6(a) of the Rules Governing Section 2254 cases provides: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." 28 U.S.C. § 2254 R. 6(a). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09.

In Petitioner's view, the discovery he requests relates to his claims of ineffective assistance of counsel and of a violation of his right to confront witnesses. (See Doc. No. 46.) As will be discussed, Petitioner raised these issues in his state-court proceedings, and the Superior Court of Pennsylvania found that: (1) he failed to establish that any uncalled witness was willing to testify on his behalf; (2) he failed to indicate how the testimony of any uncalled witness would have benefitted his defense; (3) he failed to attach a certification to his PCRA petition identifying relevant information pertaining to any proposed witness; (4) his trial counsel credibly testified that an investigation did not lead to anyone whom should have been called as a witness; and (5) his PCRA counsel credibly testified no individuals who worked at the California Mailbox, Etcs. store were able to be found. (Doc. No. 27-5 at 1027.) In light of these findings, the Court finds that Magistrate Judge Mannion correctly determined that Petitioner failed to demonstrate good cause. Thus, the Court will affirm the order denying Petitioner's discovery motions.

      **B.    Timeliness of Petitioner's Second PCRA Petition**

Seven of Petitioner's objections relate to Magistrate Judge Mannion's finding that

6

Petitioner's second PCRA petition was untimely, rendering the ninth ground for relief of Petitioner's habeas petition unavailable for federal habeas review. (Doc. No. 59 at 20; Doc. No. 68 ¶¶ 1, 51-56.) Magistrate Judge Mannion reasoned that the Superior Court of Pennsylvania's determination that the petition was untimely turned on state law and, thus, was not proper for federal habeas review. (Doc. No. 59 at 20.) Upon review of the record, the Court finds that the Superior Court fully reviewed this argument in a September 21, 2010 memorandum. (Doc. No. 27-5 at 1083-90.) Because state court rulings on questions of state law are binding in federal habeas proceedings, a state court determination that a post-conviction petition is untimely, like any other determination of state law, should not be subjected to second-guessing on federal habeas review. Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004). State court findings of fact relevant to procedural compliance are entitled to a "presumption of correctness" that a petitioner must rebut through "clear and convincing evidence" to the contrary. Washington v. Sobina, 509 F.3d 613, 621 (3d Cir. 2007). Petitioner's objections do not rebut any of the Superior Court's relevant findings of fact. For example, Petitioner's objections concerning the Confrontation Clause, Crawford v. Washington, 541 U.S. 36 (2004), and Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009) (Doc. No. 68 ¶ 51), were fully addressed in the Superior Court's order (Doc. No. 27-5 at 1089-90.) Accordingly, the Court will overrule Petitioner's objections relating to the finding that his PCRA petition was untimely.

**C.     Sufficiency of the Evidence Supporting Petitioner's Conviction**

Seven of Petitioner's objections relate to Magistrate Judge Mannion's determination that sufficient evidence supported Petitioner's conviction. (Doc. No. 68 ¶¶ 4-10.) In his Report and Recommendation, Magistrate Judge Mannion found that Petitioner is not entitled to federal

habeas relief on the ground that his conviction was not supported by sufficient evidence because the Superior Court fully analyzed the applicable evidence and determined that his conviction was so supported. (Doc. No. 59 at 11-12.) In his objections, Petitioner contends that the Commonwealth failed to prove at trial that Petitioner had knowledge of the contents of the package he retrieved on January 9, 2001 or that he possessed the intent to commit the underlying offenses. (Doc. No. 68 ¶¶ 6-9.) Further, he contends that the Superior Court applied a standard of law in conflict with Jackson v. Virginia, 443 U.S. 307 (1979). (Id. ¶ 7.)

The United States Supreme Court set forth the federal constitutional standard for evaluating a due process claim based upon a sufficiency-of-the-evidence claim in Jackson. Under Jackson, the federal court is to determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319 (emphasis in original). A habeas petitioner is entitled to relief only "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt." Id. at 324. Federal review of a sufficiency-of-the-evidence claim under Jackson must be based on state law, that is, the substantive elements of the crime must be defined by applicable state law. Id. at 324 n.16. The credibility of witnesses, the resolution of conflicts of evidence, and the drawing of reasonable inferences from proven facts all fall within the exclusive province of the fact-finder and, therefore, are beyond the scope of federal habeas review. Id. at 319.

The Superior Court considered Petitioner's claim that the Commonwealth failed to present sufficient evidence at trial to support Petitioner's convictions, applying a standard virtually identical to that required by Jackson. (Doc. No. 27-4 at 797.) In affirming the

8

judgment of sentence, the Superior Court rejected the claim, stating:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

(Id. at 790-91. (citing Commonwealth v. Jones, 874 A.2d 108, 120-21 (Pa. Super. Ct. 2005)).

The Superior Court noted that to establish the offense of possession with intent to distribute, the Commonwealth must prove that the defendant possessed a controlled substance with the intent to deliver it. (Id. at 791 (citing Commonwealth v. Kirkland, 831 A.2d 607, 611 (Pa. Super. Ct. 2003)). The court further noted that when contraband is not found on the defendant's person, the Commonwealth must establish constructive possession. (Id. at 791-92.) Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise the control, which intent can be inferred from the totality of the circumstances. (Id. (citing Jones, 874 A.2d at 121).)

The Superior Court then addressed Petitioner's argument that the Commonwealth failed to present sufficient evidence to prove that he was guilty of criminal attempt to possess marijuana with intent to deliver with respect to the package delivered to the mailbox he rented at

9

the Springettsbury Township branch of Mailboxes Etc. (Id. at 792.) The court reviewed the applicable evidence, finding the facts that Petitioner "had rented mailboxes in numerous locations for no apparent legal reason" and "that the Springettsbury delivery was not an isolated incident involving a single package but was one of several deliveries" to be persuasive. (Id.) Further, the court noted that Petitioner's "actions when approached by police were not those of a man with no knowledge of the contents of the package he had just received." (Id. at 792-93.)

Next, the Superior Court addressed Petitioner's argument that the Commonwealth failed to present sufficient evidence to prove that he was guilty of possession of cocaine with intent to deliver and criminal attempt to possess with intent to deliver with respect to packages delivered to other mailboxes he rented via Mailboxes Etc. (Id. at 793.) Petitioner asserted that "there was no evidence presented that he had dominion or control over the substances since he was in jail when they arrived." (Id.) The court rejected this argument, finding the "fact that he was apprehended with relation to the Springettsbury package before picking up the other packages does not" demonstrate that he lacked dominion or control over the other packages. (Id.)

Upon review of the state court record, particularly the testimony of Agent Morgan and Detective Craul, the Court finds that the state court applied a sufficiency-of-the-evidence standard that satisfied Jackson. Applying this standard, and viewing the evidence in the light most favorable to the Commonwealth, a reasonable jury could have found Petitioner guilty of the crimes for which he was convicted beyond a reasonable doubt. Thus, the state court's conclusion was not an unreasonable application of clearly established federal law. Petitioner's objections to this conclusion will, accordingly, be overruled.

### D. Issues Relating to Petitioner's Arrest and Right to Counsel

Twelve of Petitioner's objections relate to Magistrate Judge Mannion's rejection of Petitioner's claims that: (1) his conviction resulted from a detention that was not supported by the requisite probable cause and the evidence used to convict him was obtained as the result of a warrantless search; and (2) the police obtained the evidence to convict him by eliciting incriminating statements in violation of his right to counsel.  (Doc. No. 68 ¶¶ 12-23.)  Magistrate Judge Mannion found that these claims are identical to the suppression claims that Petitioner raised, and had a full and fair opportunity to litigate, in state court.  (Doc. No. 59 at 12-13.)  The crux of Petitioner's objections to this finding is that the two suppression hearings held in state court were so unfair and fundamentally defective that he was denied a full and fair hearing.

As recognized by Magistrate Judge Mannion, the Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground the evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Stone v. Powell, 428 U.S. 465, 494 (1976) (footnotes omitted).  "The rationale for the Court's ruling was that, in the context of a federal habeas corpus challenge to a state court conviction, 'the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal and the substantial societal costs of the application of the rule persist with special force.'"  United States v. Scarborough, 777 F.2d 175, 182 (4th Cir. 1985) (quoting Stone, 428 U.S. at 494-95).  Thus, in a habeas proceeding, when a federal district court is faced with Fourth Amendment claims, it should inquire as to whether or not the petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claim in the state court.  See Deputy v. Taylor, 19 F.3d 1485, 1491 (3d Cir. 1994) (rejecting a Fourth Amendment claim because the petitioner had a full and

fair opportunity to litigate his claim in state court and noting that, under Stone, "[e]ven otherwise potentially meritorious Fourth Amendment claims are barred on habeas when the petitioner had a full and fair opportunity to litigate them.").

A review of the state court record reveals that Petitioner had a full and fair opportunity to litigate these claims in state court. The Court of Common Pleas of York County, Pennsylvania, held a suppression hearing on August 22, 2001 and September 12, 2001. (Doc. No. 27-1 at 1-121.) On September 12, 2001, the court issued an order denying Petitioner's motion to suppress the physical evidence seized by Pennsylvania law enforcement agents, finding that: (1) "there was no violation of [Petitioner's] Fourth Amendment right in the California search;" (2) law enforcement agents in Pennsylvania had "probable cause to arrest [Petitioner] upon his picking up the package;" and (3) "the search of his person instant to the arrest was . . . proper." (Id. at 128.) The court also denied Petitioner's motion to suppress any statements Petitioner made to the police, finding that he was "properly afforded his Miranda warnings," "that there was no threatening or coercion," and that he "made no request for an attorney." (Id.) Petitioner also raised these issues on direct appeal to the Pennsylvania Superior Court. (Id. at 794.) The Superior Court determined that, based on the totality of the circumstances, Petitioner's arrest was supported by probable cause. (Id. at 795.)

Despite Petitioner's objections to the contrary, the record of evidence demonstrates that Magistrate Judge Mannion did not err in concluding that Petitioner received a full and fair opportunity to litigate these claims in state court. Accordingly, the Court will overrule Petitioner's objections relating to this conclusion.

    **E.**    **Ineffective Assistance of Counsel**

Petitioner's remaining twenty-seven objections relate to Magistrate Judge Mannion's findings that Petitioner's claims of ineffective assistance of counsel lack merit. (Doc. No. 68 ¶¶ 24-50.) To establish a violation of the right to effective assistance of counsel, a petitioner must meet a two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). See George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001). The first prong of the test requires a petitioner to "show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [Petitioner] by the Sixth Amendment." Strickland, 466 U.S. at 687. Under the second prong, a petitioner "must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable." Id. Petitioner has the burden of satisfying both prongs. Id. "A court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

Petitioner's first concrete objection to Magistrate Judge Mannion's findings is that Magistrate Judge Mannion failed to acknowledge that the Superior Court applied a standard of law that conflicts with federal law. (Doc. No. 68 ¶ 25.) Specifically, he argues that the Superior Court's reliance on Commonwealth v. Prince, 718 A.2d 1086 (Pa. Super. Ct. 1998), conflicts with clearly established federal law on claims of ineffective assistance. (Id.) The Court disagrees. The Superior Court recognized in its August 21, 2009 order that "[t]o prevail on an ineffectiveness claim, the defendant must show that the underlying claim had arguable merit, counsel had no reasonable basis for his or her action, and counsel's action resulted in prejudice

13

to the defendant." (Doc. No. 27-5 at 1025 (citing Prince, 719 A.2d at 1089).) In Prince, the Superior Court articulated a substantially similar standard, citing the Pennsylvania Supreme Court's decision in Commonwealth v. Griffin, 644 A.2d 1167, 1172 (Pa. 1994). This standard for ineffective assistance of counsel is identical to the federal standard under Strickland. See Boyd v. Walmart, 579 F.3d 330, 334 n.2 (3d Cir. 2009) ("The Pennsylvania Supreme Court has made clear that the standard for ineffective assistance of counsel under Pennsylvania law . . . is the same as Strickland's standard . . . ."). Accordingly, this objection is without merit.

Next, Petitioner raises objections relating to Magistrate Judge Mannion's rejection of his claim that his counsel was ineffective because he: (1) failed to conduct a reasonable pretrial investigation; and (2) violated his right to confront and cross-examine Mike Baker and "Norisa," individuals who worked at the Mailbox, Etcs. store in California, where a package addressed to Petitioner was intercepted. The Pennsylvania Superior Court addressed these issues and determined that:

> [Petitioner's] counsel testified at the first PCRA hearing that he did not remember his client ever asking him to interview someone named Norisa (the clerk) or Michael Baker (the owner) from the California store. In fact, counsel testified that he believed he called the California Mailboxes, Etc. store at some point and had even suggested that [Petitioner] hire an investigator if he wished to use any witnesses from California. Counsel further testified that his own personal investigation did not lead to anyone whom he felt should be called as a witness. At the second PCRA hearing, [Petitioner's] present counsel testified that he was unable to locate anyone from the California Mailboxes, Etc. Store because it had closed sometime in the last seven years.
>
> Moreover, [Petitioner] failed to establish that any employee from the California store was available and willing to testify on his behalf at trial, the substance of the employee's proposed testimony, and how such testimony would have helped his case. [Petitioner] also failed to attach to his PCRA petition a certification identifying the proposed

14

> witness' names, addresses, dates of birth, and substance of their testimony [as required by 42 Pa. C.S.A. § 9545(d)(1). These deficiencies are fatal to his claim.

(Doc. No. 27-5 at 1027 (citations omitted).) In a separate order, the Superior Court addressed Petitioner's argument that counsel's ineffectiveness violated his right to confront and cross-examine these witnesses, finding it to be untimely and not proper for collateral review. (Id. at 1089-90.) Upon review of the record, the Court finds that Magistrate Judge Mannion did not err in finding that the Superior Court adequately reviewed these issues and properly determined that Petitioner was not sufficiently prejudiced by counsel's actions.

Regarding Petitioner's objections to the recommendation that habeas relief not be granted on the claim that counsel was ineffective because he failed to challenge law enforcement officials' entry into his privately owned mailbox, the Court also finds that the Superior Court adequately addressed this issue. Petitioner contends that the Superior Court, and Magistrate Judge Mannion, misstated that the fake package created by Agent Morgan and the York County Drug Task Force was delivered to his mailbox by a UPS driver, pointing to the testimony of Ms. McCoy, a Mailbox, Etcs. employee. (Doc. No. 68 ¶ 40.) Ms. McCoy, indeed, did testify at trial that Agent Morgan delivered the package himself. Thus, Petitioner is correct that the Superior Court failed to consider Ms. McCoy's testimony when stating that "[t]he package arrived at [the] store via UPS delivery." (Doc. No. 27-5 at 1026.) The fact that one witness testified that Agent Morgan delivered the package himself, however, does not result in a finding that Petitioner's Fourth Amendment rights were violated. Magistrate Judge Mannion found that the PCRA court and the Superior Court correctly found that the placement of a piece of paper in a mailbox does not implicate the Fourth Amendment. Petitioner's objections do not convince the Court that this

15

finding was in error.

Finally, Petitioner contends that his counsel rendered ineffective assistance because he failed to render proper advisement regarding the advantages of entering into a plea agreement as opposed to proceeding to trial. Magistrate Judge Mannion found that this claim lacked merit because record evidence reveals that counsel discussed Petitioner's potential mandatory sentence with him and no record evidence indicated that Petitioner was not aware of counsel's trial strategy. Upon a review of the record evidence and all of Petitioner's related objections, the Court concludes that Magistrate Judge Mannion's findings are legally sound and that Petitioner is not entitled to relief.

## IV. CERTIFICATE OF APPEALABILITY

Petitioner has also moved for a certificate of appealability ("COA"). (Doc. No. 69.) When a state prisoner seeks a writ of habeas corpus, he does not enjoy the "absolute entitlement to appeal a district court's denial of his petition." Miller-El v. Cockrell, 537 U.S. 322, 335 (2003). The prisoner must obtain a COA before he may appeal to the court of appeals. Id. As to the issuance of the COA, Rule 22.2 of the Local Appellate Rules of the Third Circuit provides:

> At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge must state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report.

Third Circuit L.A.R. 22.2.

To be issued a COA, the petitioner must satisfy the requirements of Section 2253 by making a "substantial showing of the denial of a constitutional right." Miller-El, 537 U.S. at

16

336. It is not necessary for a petitioner to establish "that he will prevail." Id. at 323. Instead, when courts reject "constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, if the claim is rejected on procedural grounds, the petitioner must establish a substantial showing that a constitutional right has been denied as a prerequisite to "consideration fo the procedural issues in an appeal under Section 2254." Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001).

For the reasons stated with respect to Petitioner's objections to Magistrate Judge Mannion's Report and Recommendation, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right and that reasonable jurists would not find the assessment of his claims debatable or wrong. Accordingly, a COA will not issue.

V.    **CONCLUSION**

**AND NOW**, on this 4th day of December 2012, **IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Mannion's Report and Recommendation (Doc. No. 59) is **ADOPTED**;

2. Magistrate Judge Mannion's July 3, 2012 order (Doc. No. 58) is **AFFIRMED**;

3. Petitioner's objections (Doc. No. 68) are **OVERRULED**;

4. Petitioner's petition under 28 U.S.C. § 2254 for a writ of habeas corpus (Doc. No. 1) is **DENIED**;

5. Petitioner's motion for a certificate of appealability (Doc. No. 69) is **DENIED**, and a certificate of appealability **SHALL NOT ISSUE**; and

6. The Clerk of Court is directed to close the case.

> S/ Yvette Kane
> Yvette Kane, Chief Judge
> United States District Court
> Middle District of Pennsylvania